# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MILDRED J. LANGSTON,**

    **Plaintiff,**

**-vs-**                  **Case No. 6:05-cv-1347-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

## MEMORANDUM & OPINION

   Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under the Act.  The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

   The issue in this case is whether the evidence establishes Plaintiff was disabled.  The Administrative Law Judge found that, although Plaintiff suffered from a number of impairments, she was not disabled.  For the reasons that follow, it is **ORDERED** that the decision of the Commissioner is **REVERSED and  REMANDED**.

## *I. BACKGROUND*

### A. Procedural History

Plaintiff filed for a period of disability and DIB benefits on November 13, 2002. R. 13, 43, 45. She alleged an onset of disability on February 28, 2001, due to severe bladder and bowel incontinence and arthritic nodules in her feet, hands, and neck that cause pain and numbness, and depression. R. 20, 22, 33, 53. Her application was denied initially and upon reconsideration. R. 20-23. Plaintiff requested a hearing, which was held on December 29, 2004, before Administrative Law Judge Gerald F. Murray (hereinafter referred to as "ALJ"). R. 149-64. In a decision dated April 14, 2005, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 13-19. Plaintiff timely filed a Request for Review of the ALJ's decision. R. 8. The Appeals Council denied Plaintiff's request on July 5, 2005. R. 4-6. Plaintiff filed this action for judicial review on September 6, 2005. Doc. No. 1.

### B. Medical History and Findings Summary

Plaintiff was 61 years of age on February 28, 2001, the date upon which she alleges her onset of disability. Plaintiff has a high school education and past relevant work as a membership marketing clerk for a wholesale club. R. 58. Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of disability due to foot, shoulder and neck pain, depression, and chronic bladder control or incontinence problems. R. 155. After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from arthritis, bladder and bowel incontinence and foot pain[1], which were "severe" medically determinable impairments, but

---

[1] The ALJ's Findings omitted "foot pain" as a severe medically determinable impairment; however it is listed as severe in the body of the decision. *Compare* R. 14 *with* R. 18, Finding 3.

not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 14. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to frequently lift/carry up to ten pounds, occasionally lift/carry up to twenty pounds, and sit or walk/stand six hours in an eight-hour workday. R. 17. The ALJ also found that Plaintiff had no more than mild limitations with prolonged concentration on detailed job tasks, but no significant mental limitations concerning normal job tasks. R. 17. Based upon Plaintiff's RFC, the ALJ determined that Plaintiff could perform her past relevant work as a membership marketing clerk for a wholesale club, which is defined as sedentary or light in the Dictionary of Occupational Titles. R. 17-18. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time through the date of the decision. R. 18.

Plaintiff asserts two points of error. First, she argues that the ALJ erred by failing to consider all of Plaintiff's symptoms and limitations precluding her from working a full day. Second, she contends that the ALJ erred in evaluating her credibility, improperly applying the pain standard, and by rejecting her statements of her symptoms. Because the Court finds that the ALJ failed to properly consider the impact of Plaintiff's incontinence on her ability to perform work, the decision of the Commissioner is **REVERSED and REMANDED**.

## *II. STANDARD OF REVIEW*

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla

– *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)); *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her

from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

### *REJECTION OF SUBJECTIVE SYMPTOMS AND CREDIBILITY*

Plaintiff contends that the ALJ erred in failing to fully consider her testimony regarding the "disruption to routine" caused by her bladder and bowel incontinence following bladder and rectal tuck surgery for cystocele and rectocele[2]. Plaintiff contends that the ALJ erred in failing to fully credit her testimony regarding the limitations testified to regarding her lifestyle. As Plaintiff points out, the ALJ's rationale does not describe how an individual with severe bladder (15-20 voids per day) and bowel incontinence (6-7 unexpected movements per day) might perform light work activities on a "regular and continuous basis." R. 72, 93, 97, 110, 156, 160.

The Commissioner contends that the ALJ properly determined Plaintiff could perform the requirements of light work based upon the evidence presented by her, *i.e.*, that there is not enough evidence to show that Plaintiff's bowel and bladder incontinence was disabling. The Commissioner contends that the ALJ noted that the medical evidence and other evidence of record did not show that Plaintiff's impairments were of such severity as to preclude her from light work activity. R. 18.

The ALJ must consider all of a claimant's statements about her symptoms and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical

---

[2]A cystocele occurs when part of the bladder bulges into the vagina. A rectocele occurs when part of the rectum sags into the vagina. In both conditions, the walls of the vagina weaken so they are not strong enough to support a separation between the vagina and the bladder or rectum. Urine leakage while laughing, sneezing, or coughing and incomplete bladder emptying after urination are symptoms of cystocele. Pain or pressure in the vagina or rectum and during sexual intercourse and difficult passage of stool are symptoms of rectocele. http://www.med.nyu.edu/patientcare/library/article.html?ChunkIID=100092

evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the symptom alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991)). Certain symptoms such as pain alone can be disabling, even when its existence is unsupported by objective evidence, *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to her symptoms is not, by itself, conclusive of disability. 42 U.S.C. § 423 (d)(5)(A). Bladder and bowel incontinence is a nonexertional impairment that must be considered in determining whether a claimant is disabled. *See Gibson v. Heckler*, 779 F. 2d 619 (11th Cir. 1986) (listing incontinence as an impairment); *Rambo v. Heckler*, 728 F.2d 1583 (11th Cir. 1984) (chronic diarrhea secondary to short bowel syndrome is nonexertional impairment); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (incontinence is a nonexertional impairment under the Social Security Act); *Crowley v. Apfel*, 197 F.3d 194, 198-99 & n. 17 (5th Cir. 1999) (collecting cases holding that incontinence is an impairment under the Social Security Act and must be considered in determining whether a claimant is disabled).

Where an ALJ decides not to credit a claimant's testimony about pain or other nonexertional symptoms, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing

court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

In this case, Plaintiff had an underlying medical condition – rectal and bladder tuck surgery was performed by Dr. Treloar in December 1997 at Halifax Medical Center – that could be expected to give rise to Plaintiff's incontinence. R. 60. As noted by the ALJ, Dr. Coleman, the consulting examiner, assessed Plaintiff with cystocele/bladder prolapse, although he did not identify any specific limitations. R. 16.

The ALJ found Plaintiff's allegations regarding her limitations, including incontinence, not to be credible for "the reasons set forth in the body of the decision." R. 18, Finding 5. In the body of the decision, the ALJ found:

> The claimant's reports of a rectal tuck and bladder control problems to Dr. Coleman are not shown to pose any significant problems with the claimant's activities when she worked as she allegedly had most of these procedures performed prior to her alleged onset date. Therefore, there has been no evidence of record to suggest that she could not work despite the occasional bouts of bowel and bladder problems. . . [C]laimant reported to Dr. Clements that she quit working because she "retired" and thus not because of her impairments.

R. 16. There is no basis for the ALJ to limit Plaintiff's "bouts of bowel and bladder problems" to being "occasional" and therefore, the ALJ's decision was not based on substantial evidence.

The Court finds that, contrary to the Commissioner's arguments, Plaintiff consistently described worsening symptoms from the 1997 rectal and bladder tuck in her applications to the SSA. Although the ALJ did acknowledge Plaintiff's incontinence as a severe impairment, the ALJ failed

to articulate sufficient reasons for discrediting Plaintiff's testimony regarding her incontinence, other than she had worked since the surgery, and this was error.

Plaintiff consistently stated in her applications for benefits that even while working she frequently went to the bathroom (R. 65) and that she had become unemployable because she "was spending more time in the bathroom than on the job." R. 73. Plaintiff worked for Sam's Club for fourteen years and presumably was a valued employee allowed some leeway in taking excessive and unscheduled breaks. R. 58, 109, 154. She consistently stated that she could not control her urine and stool movements and had little warning before having accidents, and avoided going out to avoid being embarrassed by these accidents. R. 67, 72, 82. She reported that she had to go to the bathroom fifteen to twenty times per day and many times during the night. R. 67-68. As Dr. Coleman reported, Plaintiff had a bladder and rectal tuck or cystocele and rectocele repair in 1997 secondary to a gross prolapse. R. 97.

The ALJ failed to mention Dr. Coleman's notations that Plaintiff's bowel and bladder incontinence started after the 1997 surgery, in particular in the year 2000, and had gradually been worsening, with nocturia times 3 and a bowel movement once per night. R. 97. Plaintiff also reported to Dr. Coleman that she was unable to go for long periods of time without having urinary or bowel incontinence; she stated she has six to seven bowel movements per day and 15 to 20 urinations per day – approximately every 30 minutes – which affected her activities of daily living and limit her activity. R. 97. Dr. Coleman also reported that Plaintiff had tried Detrol, without success, to curb her

urinary frequency. R. 97. She had not seen the surgeon who performed the bladder and rectal tuck, Dr Treloar, since 2000 due to financial constraints[3]. R. 97.

In the single paragraph of the Commissioner's brief devoted to the argument regarding Plaintiff's incontinence, the Commissioner contends that the ALJ properly rejected Plaintiff's claims of severe urinary and bowel incontinence because she continued to work for three years after her surgery (R. 43, 109) and, according to the Commissioner, she "surprisingly" failed to mentioned it to her physicians with more frequency or attempted more extensive treatment for the problem (R. 156), if the problem was as pervasive as she claims. Contrary to the Commissioner's argument, as Plaintiff points out, her inability to seek treatment for incontinence or lack of medical treatment records (which are very few – not just on this particular impairment) was due to financial inability. R. 97.

In order to deny benefits on the ground that Plaintiff failed to seek out treatment, the ALJ must find that had Plaintiff followed the prescribed treatment, Plaintiff's ability to work would have been restored. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (citing *Schnorr v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987)). As the Eleventh Circuit has held, "[P]overty excuses noncompliance." *Id.* at 1213; *Zeigler v. Barnhart*, 310 F. Supp.2d 1221, 1226 (M.D. Fla. 2004). The burden of proving unjustified noncompliance is on the Commissioner. *See id*. Because the reason for Plaintiff's failure to see Dr. Treloar was a financial inability, which was clearly stated in Dr. Coleman's report from the consultative examination, the report on which the ALJ explicitly and

---

[3] No records from Dr. Treloar were in the record.

repeatedly relied, the ALJ's discrediting of Plaintiff's testimony of incontinence was not based on substantial evidence.

Although the ALJ fails to rely on such a reason, the Commissioner[4] also discounts Plaintiff's testimony that her physician had given her a handicap pass because of her incontinence, arguing that there is no medical record to support this statement. R. 160. The lack of evidence that a handicap pass was issued is hardly reliable proof that Plaintiff is not credible on the issue of incontinence.

Based on Dr. Coleman's examination of Plaintiff, she was noted to have a cystocele and gross bladder prolapse with Valsalva maneuver. R. 98. Although no visible leakage of urine was appreciated at the consultative examination, Dr. Coleman noted Plaintiff had prolapse of the urethra, but no appreciable rectocele. R. 98. Plaintiff had reported to Dr. Clements that her urinary incontinence began to interfere with her work after the surgery in 1998. R. 109. She reported losing twenty pounds in the previous year due to incontinence. R. 110. Plaintiff testified at the hearing, consistent with her applications to the SSA, that she had to go to the bathroom about 15 times per day, had to use party liners, and had accidents in stores and at home. R. 156.

At the least, if the ALJ had doubts about the severity of the extent of Plaintiff's prolapse of the urethra as found by Dr. Coleman during the consultative examination, he should have sought a consultative examination from a specialist. The ALJ is required to order additional medical tests and exams when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917. In fulfilling his duty to conduct a full and fair inquiry, the ALJ should order a consultative examination when the record

---

[4]General principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not even alluded to by the ALJ. *See SEC v. Chenery Corp.,* 318 U.S. 80, 93-95 (1943); *Golembiewski v. Barnhart,* 322 F.3d 912, *916 (7th Cir. 2003).

establishes that such an examination is necessary to enable the ALJ to render an informed decision. *Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988).

Depending on the outcome of the consultative examination, the ultimate issue may be whether Plaintiff could perform her past relevant work if she had to have unscheduled and frequent bathroom breaks during the relevant time period. The same issue of unlimited access to a bathroom and break time was raised in *Hall-Grover v. Barnhart*, 2004 WL 1529283 (D. Me. 2004). The Court posed the issue:

> The vocational expert never answered the critical question as clarified: Could a person who could not wait until a scheduled break to use bathroom facilities do the security-monitor and charge-account clerk jobs? Moreover, the administrative law judge never made an affirmative, alternative finding as to how much time the plaintiff would need to be away from her work station for bathroom breaks. Without these clarifications, [the VE]'s hearing testimony does not meet the burden of proving that a person who must have access to bathroom facilities throughout the workday as a result of problems with diarrhea can perform the jobs of security monitor and charge-account clerk.

*Id.* at *3. In the case of *Bulpett v. Heckler,* 617 F.Supp. 850 (D. Mass. 1985), where a plaintiff testified that she has little control over her bowel movements and has chronic diarrhea (due to her Crohn's disease and the surgical removal of part of her terminal ileum), the court held that "even if such problems did not relate directly to her ability to lift, bend, or stand, they clearly have an impact on her ability to perform certain work. This is substantiated by the vocational expert who testified at the hearing that if [the plaintiff] had to frequently use the bathroom, 'it would interfere with her performance.'" *Id*. at 857. Although the above cases concerned a hypothetical asked of the VE, the principle is applicable here to whether Plaintiff could perform past relevant work as a membership clerk if she had to frequently use the bathroom.

Remand is necessary in order for the ALJ to determine whether Plaintiff's cystocele and gross bladder prolapse with Valsalva maneuver (R. 98) caused such significant incontinence, thus, frequent bathroom breaks, that she could not perform past relevant work as a membership clerk.

## *CONCLUSION*

For the foregoing reasons, the decision of the Commissioner is inconsistent with the requirements of law and is not supported by substantial evidence. Accordingly, it is **ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) and the Clerk of Court be directed to enter judgment consistent with this opinion and thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on August 31, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record